## WIENER v. HATCH.

(Supreme Court, Appellate Term, First Department.　May 9, 1916.)

COURTS ⟨⇒⟩189(15)—MUNICIPAL COURT—OPENING DEFAULT—NECESSITY OF NOTICE.

Under Municipal Court Code (Laws 1915, c. 279) § 129, providing for opening default on motion, notice must be given the other party, so that an ex parte order, made after time to answer had expired, that answer should be filed nunc pro tunc, is beyond the court's power.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⟨⇒⟩189(15).]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Elizabeth Wiener against Edwin H. Hatch. From an adverse order as to opening defendant's default, plaintiff appeals. Reversed.

Argued March term, 1916, before LEHMAN, WHITAKER, and PENDLETON, JJ.

A. Loeb Salkin, of New York City (Thomas H. Lipps, of New York City, of counsel), for appellant.

Robert H. Woody, of New York City (Norman G. Hewitt, of Brooklyn, of counsel), for respondent.

LEHMAN, J.　The record in this case shows that the plaintiff on the 18th day of December, 1915, served the summons and complaint in this action on the defendant, and filed the summons and complaint on the 20th day of December.　The defendant failed to file and serve his answer within five days.　On the 29th day of December the defendant presented to a judge of the Municipal Court a proposed order, directed to the plaintiff to show cause "why an order should not be made opening the default of the defendant, and allowing the defendant to file and serve his answer herein, and for such other and further relief as may be just in the premises."　Annexed to the proposed order were affidavits which purported to show that the defendant's default was due to inadvertence, and that he had a good defense on the merits, and the defendant also annexed his proposed verified answer.　This order to show cause was not signed, but the justice to whom it was presented apparently of his own motion did sign at the foot of the proposed order to show cause the following order:

"Ordered that the verified answer be filed with the clerk of the court nunc pro tunc.　December 29, 1915."

Thereafter the plaintiff moved to vacate this order, and her motion was denied.　She now appeals from both orders.

Upon the present appeal we need not consider whether the appeal should properly have been taken from the original ex parte order, or from the order denying the motion to vacate.　If the original order was made without power, then the justice who heard the motion to vacate had no power to make any order in the premises except to

vacate the original order. If we determine that the original order was made without power, then we are bound to vacate it, and it is quite immaterial from which order the appeal should properly have been taken.

The original order, as shown above, was made ex parte, and provides in terms for the filing of an answer nunc pro tunc after the defendant was in default. The order does not provide that the answer should be filed nunc pro tunc as of a certain day, but merely that it should be filed nunc pro tunc. At that time the defendant's time to file and serve the answer had concededly expired, and the only possible meaning of the order was that the order was to be regarded as filed within the five days in which the defendant had the right to serve and file his answer. It is therefore in effect an order opening the defendant's default, and must be so treated. It seems to me too clear for argument that there is no power to grant such an order ex parte. It is true that orders extending the time to answer may be granted ex parte under the Municipal Court Code and the Municipal Court rules, but an order to extend the time to answer cannot be granted after the last day to answer has expired and the defendant is in default, and under the rules can be granted ex parte only for three days. Orders to open a default, both under the practice prevailing in the Supreme Court and under section 129 of the Municipal Court Code, can be granted only upon motion, and it is clear that notice of such motion must be given to the other side, and the court has no jurisdiction until such notice has been given. An order made by a judge of the court ex parte upon a mere application, without a motion, is clearly made without power.

Order should therefore be reversed, with $10 costs, but without prejudice to a motion on the part of the defendant to open his default upon payment of said costs. All concur.